IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| OSCAR SALAS-REYES,<br><br>        Plaintiff,<br><br>v.<br><br>CORVEL ENTERPRISE COMP., INC.;<br>CORVEL HEALTHCARE CORP.; ACE<br>AMERICAN INSURANCE CO.; CHUBB<br>INSURANCE SOLUTIONS AGENCY,<br>INC.; GEICO INSURANCE AGENCY,<br>LCC; and DOES 1-10,<br><br>        Defendants. | **MEMORANDUM DECISION & ORDER<br>GRANTING IN PART AND DENYING IN<br>PART DEFENDANTS' MOTION FOR<br>PARTIAL SUMMARY JUDGMENT**<br><br>Case No. 2:22-cv-00321-JNP-DAO<br><br>District Judge Jill N. Parrish |

Oscar Salas-Reyes ("Mr. Salas-Reyes") sought and was denied uninsured motorist coverage for injuries arising from an automobile accident. As a result, he initiated this action against CorVel Enterprise Comp., Inc. ("CorVel Enterprise"), CorVel Healthcare Corp. ("CorVel Health"), ACE American Insurance Co. ("ACE"), Chubb Insurance Solutions Agency ("Chubb"), GEICO Insurance Agency ("GEICO"), and Does 1-10.

Before the court is the motion of CorVel Enterprise, CorVel Health, ACE, and Chubb (collectively, "moving Defendants") for partial summary judgment. ECF No. 25. For the reasons set out below, the motion is **GRANTED IN PART AND DENIED IN PART**.

## FACTUAL BACKGROUND

### A.  Factual Predicate

Mr. Salas-Reyes alleges that, on January 7, 2019, he was sitting inside a legally parked car in Midvale, Utah, when a stolen Ram ProMaster van, fleeing from police officers, crashed into his vehicle. At all relevant times, Mr. Salas-Reyes was an employee of The Pep Boys: Moe and Jack of California ("Pep Boys"). Mr. Salas-Reyes alleges that he was acting within the scope of his employment at the time of the crash and that the car he was sitting in belonged to Pep Boys, having been furnished to him within the scope of his employment.

Pep Boys had a commercial insurance policy with ACE "and/or" Chubb, administered by CorVel Enterprise "and/or" CorVel Health, in effect at the time of the crash. The named insured party in the policy is Icahn Automotive Group, LLC (the parent company of Pep Boys). Mr. Salas-Reyes pleads that, because the operator of the stolen van was driving the vehicle without express or implied permission of the owner, he is precluded from making a bodily injury claim against the owner of the vehicle. Thus, Mr. Salas-Reyes brought a claim for uninsured motorist coverage under the Pep Boys policy pursuant to UTAH CODE ANN. § 31A-22-305.

Mr. Salas-Reyes alleges that CorVel Enterprises, CorVel Health, Chubb, and ACE have breached certain obligations owed to him by acting in bad faith, particularly through a prolonged failure to acknowledge or act promptly on his claim for uninsured motorist coverage. Specifically, he alleges that over a year and a half after the accident, in September, 2020, Mr. Salas-Reyes learned that a claim had never been opened for the crash under the Pep Boys policy, despite his earlier efforts.

2

When he learned this, Mr. Salas-Reyes attempted to open a claim through CorVel Enterprises and CorVel Health. He alleges that he was directed through labyrinthian phone trees but was never ultimately provided with the information he sought regarding the claim.

### B.  Claims and Procedural History

On January 7, 2022, Mr. Salas-Reyes filed his Complaint in the Third Judicial District Court of the State of Utah, pleading five causes of action:

(1) The first cause of action, for breach of contract, is brought against CorVel Enterprise, CorVel Health, Chubb, ACE, and GEICO. Mr. Salas-Reyes asserts that he was a third-party beneficiary of the Pep Boys policy and a first-party beneficiary of the GEICO policy, and that both policies were breached as a result of, *inter alia*, Defendants' failure to diligently investigate the facts, fairly evaluate the claim, or act in good faith.

(2) Mr. Salas-Reyes's second cause of action is for breach of the covenant of good faith and fair dealing. It, too, is brought against CorVel Enterprise, CorVel Health, Chubb, ACE, and GEICO and arises from the same alleged conduct.

(3) The third cause of action is labelled "prima facie tort – insurance bad faith" and is asserted against CorVel Enterprise, CorVel Health, Chubb, ACE, and GEICO. Because these parties dealt unfairly and in bad faith with Mr. Salas-Reyes, he alleges they committed the tort of insurance bad faith against him and violated UTAH ADMIN. CODE § R590-190 *et seq*.

(4) Mr. Salas-Reyes's fourth cause of action is for the intentional infliction of emotional distress ("IIED") against CorVel Enterprise, CorVel Health, Chubb, ACE, and GEICO. Mr. Salas-Reyes alleges that the parties willfully and knowingly prevented him from a good-faith evaluation related to his claim for uninsured motorist coverage and have been outrageous and intolerable.

(5) Similarly, Mr. Salas-Reyes's final cause of action, for negligent infliction of emotional distress ("NIED"), asserted against the same Defendants, claims that the Defendants exhibited a reckless disregard for Mr. Salas-Reyes's rights as established under Utah law and under the relevant policies.

In May of 2022, GEICO removed this action to the United States District Court for the District of Utah pursuant to 28 U.S.C. § 1441, and this court determined that GEICO made a prima facie case showing that diversity jurisdiction exists in this case.

## C.  Defendants' Motion for Partial Summary Judgment

CorVel Enterprise and CorVel Health (collectively, "CorVel Defendants"), together with ACE and Chubb (collectively, "ACE Defendants") then moved for partial summary judgment, seeking judgment in their favor as follows:

(1) As to the CorVel and ACE Defendants on Mr. Salas-Reyes's third and fifth claims (for prima facie tort – insurance bad faith and negligent infliction of emotional distress, respectively) because, they argue, uninsured motorist coverage under Utah law is a first-party insurance contract and, as such, creates no fiduciary duties that could support the tort claims alleged;

(2) As to the CorVel Defendants and Chubb on the first and second claims (for breach of contract and breach of the covenant of good faith and fair dealing, respectively) because no privity of contract exists between Mr. Salas-Reyes and these Defendants; and

(3) As to CorVel Health and Chubb on the fourth claim (for intentional infliction of emotional distress) because CorVel Health and Chubb have no contractual relationship with Mr. Salas-Reyes, the moving Defendants argue that there is no plausible basis for Mr. Salas-Reyes's fourth claim.

4

The court notes that, on March 5, 2024, after this motion for partial summary judgment was fully briefed and argued, a Stipulated Motion for Dismissal of Prejudice as to Defendants CorVel Enterprise Comp., Inc. and CorVel Healthcare Corporation, ECF No. 45, was filed.

For the reasons laid out below, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.

## LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The movant bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "A fact is material only if it might affect the outcome of the suit under the governing law. And a dispute over a material fact is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Foster v. Mountain Coal Co*., 830 F.3d 1178, 1186 (10th Cir. 2016).

Once the movant has met this burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). When applying the summary judgment standard, the court must "view the evidence and make all reasonable inferences in the light most favorable to the nonmoving party." *N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008). However, this does not mean that nonmovants may "defeat summary judgment by relying on ignorance of the facts, on speculation, or on suspicion." *Genzer v. James River Ins. Co.*, 934 F.3d 1156, 1160 (10th Cir. 2019) (citation omitted). "Rather, to defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1098 (10th Cir. 2019) (cleaned up).

In any case, a plaintiff "must still identify sufficient evidence requiring submission to the jury," *Turner v. Pub. Serv. Co.*, 563 F.3d 1136, 1142 (10th Cir. 2009); *accord Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005), where such evidence offered is in admissible form. *Wetherill v. Bank IV Kan., N.A.*, 145 F.3d 1187, 1191 (10th Cir. 1998). Finally, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## DISCUSSION

### I.    Mr. Salas-Reyes's Rule 56(d) motion

Mr. Salas-Reyes, in his opposition memorandum, moved this court to deny or, pursuant to FED. R. CIV. P. 56(d), defer resolution of Defendants' motion for partial summary judgment. This is because, Mr. Salas-Reyes argues, he had yet to receive responses to his first set of discovery requests, which were due the same day as his opposition memorandum. Mr. Salas-Reyes argues that it would be unfair and prejudicial to him to require a response to the motion without these discovery materials.[1] In general, Mr. Salas-Reyes contends that it is not possible for him to respond to the issues raised in the motion.

As the moving Defendants point out in their reply memorandum, however, Local Rule DUCivR 7-1(a)(3) demands that parties make any motion, including those under FED. R. CIV. P. 56(d), separately, rather than in a response or reply memoranda. But even putting this aside and

---

[1] Mr. Salas-Reyes alleges that the CorVel Defendants settled out in January of 2024 and attaches some importance to the fact that the remaining Defendants obtained new counsel following the CorVel Defendants' settlement. It is altogether unclear to this court, however, why these facts are material in the response to or resolution of the motion.

assuming, *arguendo*, that it would be appropriate for this court to consider such a request, the declaration of Mr. Salas-Reyes's counsel, submitted pursuant to his Rule 56(d) motion, is cursory and fails to satisfy the demands of that Rule. After indicating that the CorVel Defendants settled, and that the non-CorVel Defendants were represented by new counsel, the declaration merely states that the discovery responses to Mr. Salas-Reyes's requests are necessary for adequate response to the motion.

The plain text of Rule 56(d) demands more. It requires that affidavits or declarations show "by specified reasons" why a party cannot present facts essential to justify its opposition. But Mr. Salas-Reyes failed to specify why fact discovery would be necessary for meaningful response to the motion, nor did he meaningfully argue that any facts would be essential to his response in the first place. The specification required under Rule 56(d) demands the identification of specific, probable facts, and identifying what steps have been taken to obtain these facts. *Libertarian Party v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007). Here, however, Mr. Salas-Reyes did little more than "simply stat[e] that discovery is incomplete." *Id*.; *Garcia v. United States Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008).[2]

The moving Defendants' motion turns almost entirely on matters of law. Only the third ground for the moving Defendants' motion suggests that fact discovery would be of any relevance—the first and second relate only to the legal issues of first-party insurance obligations and limitations on liability stemming from privity of contract, respectively. Even as to the third

---

[2] These cases refer to motions to defer consideration as made under Rule 56(f). This is because, prior to the 2010 amendments to the Federal Rules of Civil Procedure, the provisions of subdivision (d) of Rule 56 were found in subdivision (f). *See* FED. R. CIV. P. 56 (Notes of Advisory Committee on 2010 amendments).

ground, however, Mr. Salas-Reyes fails to argue the relevance of any facts, or how discovery might aid him in response.

Because the questions raised by the moving Defendants' motion are matters of law, rather than matters of fact, *see United States v. Supreme Court*, 839 F.3d 888, 904 (10th Cir. 2016), the court finds no justification for delaying their resolution until further fact discovery can be completed. Mr. Salas-Reyes's Rule 56(d) motion is thus denied, and the court will consider and resolve the moving Defendants' motion for partial summary judgment in the following sections.

## II.    Claims three and five as to all CorVel and ACE Defendants

First, the CorVel and ACE Defendants move for partial summary judgment on Mr. Salas-Reyes's third and fifth claims on the ground that, because uninsured motorist coverage is a first-party insurance contract under Utah law, it creates no fiduciary duties of care that could support the tort claims asserted by Mr. Salas-Reyes. In so moving, the CorVel and ACE Defendants do not rely on any facts. Rather, their motion is based exclusively on the legal argument that, as a matter of law, a claim arising from a first-party insurance contract cannot give rise to a claim for either insurance bad faith or negligent infliction of emotional distress.

Under Utah law, uninsured motorist insurance is, in fact, a first-party insurance contract, *Lieber v. Itt Hartford Ins. Ctr.*, 2000 UT 90, ¶ 18, 15 P.3d 1030, meaning that the insurer agrees to pay claims submitted to it by the insured for losses suffered by the insured. *Beck v. Farmers Ins. Exch.*, 701 P.2d 795, 798 n.2. In a first-party arrangement, and unlike a third-party arrangement, Utah law dictates that "[n]o relationship of trust and reliance is created by the contract; it simply obligates the insurer to pay claims submitted by the insured in accordance with the contract." *Id*. at 800. As a result, the Utah Supreme Court has ruled that "in a first-party relationship between an insurer and its insured, the duties and obligations of the parties are contractual rather than fiduciary.

Without more, a breach of those implied or express duties can give rise only to a cause of action in contract, not one in tort." *Id*.

The Utah Supreme Court recognized, however, that "in some cases the acts constituting a breach of contract may also result in breaches of duty that are independent of the contract and may give rise to causes of action in tort." *Id*. at 800 n.3. Thus, "intentional and outrageous conduct by an insurer against an insured, coupled with a failure to bargain, could conceivably result in tort liability independent of (and concurrent with) liability for breach of contract." *Id*. It also recognized, as such breaches of independent duties, fraudulent activity and statutory unfair practices. *Id*.

The Utah Court of Appeals has similarly recognized that a first-party insurance claim does not foreclose, as a matter of law, a bad-faith insurance tort claim. *Callioux v. Progressive Ins. Co.* involved a first-party insured's bad-faith denial tort claim against an insurer. 745 P.2d 838, 842 (Utah Ct. App. 1987). The *Callioux* court determined that "the undisputed facts before the court demonstrate that the [insured] could not have established [his] claim that [the insurer] in bad faith denied [his] first-party insurance claim," because the insured's claim for insurance "was fairly debatable." *Id*. In so holding, the Utah Court of Appeals relied on a fact-bound analysis, suggesting that a first-party insurance arrangement did not necessarily foreclose a bad-faith insurance tort against an insurer.

The Utah Supreme Court conducted a similar fact-bound analysis in the case of another ostensibly first-party insurance arrangement in *Jones v. Farmers Ins. Exch.*, 2012 UT 52, ¶ 17, 286 P.3d 301 ("Because we hold that Mr. Jones's claim was not fairly debatable as a matter of law and instead presented triable issues of fact, we do not reach the issue of whether an insurer can breach its duties of good faith and fair dealing even if the claim was fairly debatable as a matter of law.");

*accord* Restatement (Third) of Torts: Miscellaneous Provisions § 20 A (2023) (Bad-Faith Performance of First-Party Insurance Contract).

Like the intentional infliction of emotional distress, a claim for negligent infliction of emotional distress arises from the breach of a general duty owed to all within the zone of danger of one's acts, and does not depend on any special relationship arising under contract. *See Hansen v. Sea Ray Boats,* 830 P.2d 236, 239 (Utah 1992). While the scope of the duty at issue is informed by the nature of the insurer-insured relationship and the undertaking of evaluating an insurance claim, it does not depend on the existence of any fiduciary duties like the ones created under a third-party insurance arrangement. *Accord Mower v. Baird*, 2018 UT 29, ¶ 90, 422 P.3d 837.

These cases demonstrate that the existence of a first-party insurance contract, under Utah law, does not categorically foreclose the possibility of a bad-faith insurance tort claim against an insurer. Because the moving Defendants relied exclusively on their categorical legal argument that first-party insurance contracts foreclose accompanying tort claims, they have failed to demonstrate an entitlement to summary judgment as a matter of law as to either Mr. Salas-Reyes's third or fifth claim. For this reason, then, their motion on this point is **DENIED**.[3]

III.  <u>Claims one and two as to the CorVel Defendants and Chubb</u>

Second, the CorVel and ACE Defendants move for summary judgment on Mr. Salas-Reyes's first and second claims as to the CorVel Defendants and Chubb because they are not parties to the insurance contract alleged to have been breached.

---

[3] Utah case law suggests, however, that the moving Defendants may have obtained another result if they had identified undisputed facts showing that their denial of the uninsured motorist claim was at least fairly debatable. *See Callioux*, 745 P.2d at 842. However, because the Defendants' motion relies only on legal assertions, the court declines to reach any square holding on this issue.

Generally, of course, "[i]t is axiomatic in the law of contract that a person not in privity cannot sue on a contract." *Shire Dev. v. Frontier Invs.*, 799 P.2d 221, 223 (Utah Ct. App. 1990) (quoting *Wing v. Martin*, 688 P.2d 1172, 1177 (Idaho 1984)). The moving Defendants assert, and Mr. Salas-Reyes does not dispute (nor satisfy the Rule 56(d) standards for deferral of consideration of the issue), that the only parties to the Pep Boys policy at issue in Mr. Salas-Reyes's first and second claims are ACE as insurer and Icahn as insured. Thus, the moving Defendants argue that, because the CorVel Defendants and Chubb are not parties to the policy, they cannot be liable for its breach.

The moving Defendants have borne their burden of demonstrating an absence of any genuine issue of material fact on this issue. *Celotex Corp.*, 477 U.S. at 322-23. Summary judgment on these claims, then, is **GRANTED** as to these parties.

### IV.   Claim four as to CorVel Health and Chubb

Finally, the moving Defendants seek summary judgment as to Mr. Salas-Reyes's fourth claim as to CorVel Health and Chubb insofar as neither had any involvement with the claims adjustment of his uninsured motorist claim.

While the analysis as to this argument is admittedly more fact-bound than the moving Defendants' other grounds for partial summary judgment, the moving Defendants have borne their initial burden of demonstrating an absence of any genuine issue of material fact on the fourth claim as against CorVel Health and Chubb. *Id*. Thus, given Mr. Salas-Reyes's failure to dispute these facts or demonstrate an entitlement to defer judgment, summary judgment on the fourth claim in favor of CorVel Health and Chubb is **GRANTED**.

## CONCLUSION

For the foregoing reasons, the motion for partial summary judgment, ECF No. 25, is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Summary judgment is **DENIED** as to Mr. Salas-Reyes's third and fifth claims (for the torts of bad faith denial of insurance coverage and negligent infliction of emotional distress, respectively) against CorVel Enterprise Comp., Inc., CorVel Healthcare Corp., ACE American Insurance Solutions Agency, and Chubb Insurance Solutions Agency.

(2) Summary judgment is **GRANTED** as to Mr. Salas-Reyes's first and second claims (for breach of contract and breach of the implied covenant of good faith and fair dealing, respectively) in favor of CorVel Enterprise Comp., Inc., CorVel Healthcare Corp., and Chubb Insurance Solutions Agency.

(3) Summary Judgment is **GRANTED** as to Mr. Salas-Reyes's fourth claim (for intentional infliction of emotional distress) in favor of CorVel Healthcare Corp. and Chubb Insurance Solutions Agency.

DATED March 8, 2024.

BY THE COURT

Jill N. Parrish
United States District Court Judge